UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Canup*, Case No. 8:20cv14021 | Judge M. Casey Rodgers<br>Magistrate Judge Hope Cannon |

ORDER

This case was referred to the undersigned on July 2, 2024, for the purpose of commencing the mediation proceedings required under Section VI of CMO 57 on or before August 19, 2024.  Doc. 28.  As such, mediation will begin before the undersigned on **July 22, 2024, at 9:00 a.m. (CDT) in Courtroom 3 North of the United States District Courthouse, One North Palafox Street, Pensacola, Florida 32502.**  For the mediation to have a reasonable chance of success, counsel and the parties must carefully review, and comply with, the remainder of this Order. **Failure to follow this Order may result in sanctions being imposed on the parties, on counsel, or on both.**

**By no later than seven (7) days before July 22**, each party must provide a mediation statement marked "confidential" to the office of the Magistrate Judge via hand-delivery, mail, or e-mail (flnd_cannon@flnd.uscourts.gov).  The statement

will not be filed with the clerk or served on or disclosed to opposing counsel, as it will not become a part of the file of this case and will be for the exclusive use of the Magistrate Judge in preparing for and conducting the mediation. The parties are, of course, free to share the statement with one another if they choose to do so.

The statement must contain: (1) a brief description of the remaining claims and applicable law and defenses; (2) a concise recitation of the facts and evidence the party expects to present at trial, including evidence that supports any claim for damages; (3) a brief description of the relief that may be afforded to the prevailing party at trial (e.g., the nature and extent of damages, entitlement to attorney's fees); (4) an estimate of attorney's fees and costs of litigation to date and through trial; (5) an outline of settlement negotiations to date, including the most recent proposals and counter proposals; and (6) a statement regarding whether any settlement terms are believed to be "nonnegotiable" and, if so, a description of those terms. The statement should not be lengthy, but it should contain enough information to be useful to the undersigned in analyzing the factual and legal issues in the case.

Although the purpose of mediation is to facilitate settlement of this case, it will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the Magistrate Judge in confidence before or during the mediation will be kept confidential and will

not be disclosed to any other party or to the District Judge, unless specifically authorized by the party making the communication.

All parties are required to attend the mediation **in person** and bring with them any person needed for **full authority**[1] to settle this matter. **With respect to corporate, governmental, and other organizational entities, an authorized client representative with authority to negotiate and agree to a settlement must appear in-person at the mediation along with their counsel. This means that parties should not need or expect to contact others, who are not present at the mediation, to discuss or modify settlement authority. If such a person exists who would need to be consulted, that party must be present at the mediation.**

DONE AND ORDERED this 3rd day of July, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

**NOTE:**

**If you or any party, witness, or attorney in this matter have a disability that requires special accommodation, such as a hearing impairment that requires a sign-language interpreter or a wheelchair restriction that requires ramp access, please contact the clerk's office at least one (1) week prior to the hearing (or as soon as possible) so arrangements can be made.**

---

[1] Full authority means authority up to the last settlement demand made and if a party believes the last settlement demand was unreasonable or not made in good faith, then counsel for that party may request an ex parte telephone conference with chambers to discuss providing someone with less than "full authority."