# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-2885 |
| This Document Relates to: | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |
| BRANDON CANUP,<br><br>v.<br><br>3M COMPANY, 3M OCCUPATIONAL SAFETY LLC, AEARO HOLDING LLC, AEARO INTERMEDIATE LLC, AEARO LLC, and AEARO TECHNOLOGIES LLC. | MOTION TO LIFT STAY IMPLEMENTED BY CMO 57 AND SUPPORTING MEMORANDUM<br><br>Civil Action No: 8:20-cv-14021-MCR-HTC |

## PLAINTIFF BRANDON CANUP'S MOTION TO LIFT STAY IMPLEMENTED BY CMO 57 AND MEMORANDUM IN SUPPORT

DATED: August 2, 2024

Respectfully submitted,

*s/ David G. Gamble*
David G. Gamble, Lead Counsel
Texas State Bar No. 24040946
Law Offices of David G. Gamble, PLLC
2805 Vermont Ct.
Arlington, Texas 76001

1

Tel.: (214) 288-7667
davidgamblelaw@gmail.com

**Counsel for Plaintiff Brandon Canup**


## <u>CERTIFICATE OF CONFERENCE</u>

The moving party complied with the attorney-conference requirement of Local Rule 7.1(B). Counsel conferred in good faith by phone and email, multiple times, on multiple days, in a meaningful way, in an attempt to resolve the issue(s) set forth in this instrument. Results of conference(s): Despite such good faith attempts on both sides, Defendants remain opposed to this motion and the relief sought herein. Therefore, this motion is submitted to the Court as opposed.

*s/ David G. Gamble*


## <u>CERTIFICATE OF SERVICE</u>

On this 2nd date of August 2024, the undersigned counsel caused a true and correct copy of the foregoing instrument to be served on counsel of record for all Defendants via e-filing and e-mail pursuant to the Federal Rules of Civil Procedure.

*s/ David G. Gamble*

## MOTION TO LIFT STAY

COMES NOW Plaintiff Brandon Canup ("Plaintiff" or "Canup") and files this Motion to Lift Stay Implemented by CMO 57 ("Motion to Lift Stay") and respectfully states as follows:

On August 29, 2023, the Court entered CASE MANAGEMENT ORDER NO. 57 ("CMO 57") in the Multi-District Litigation.  See Docket No. 3811.  CMO 57 applies to all individuals alleging claims of any nature against 3M Company, 3M Occupational Safety LLC, Aearo LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC (the "Defendants"), (i) who were identified pursuant to the Courts' Identification Order ("CMO 60"), but have elected not to participate in the Settlement Program as outlined in the Master Settlement Agreement ("Settlement Agreement") entered between Plantiffs' Leadership Counsel and the Defendants on August 29, 2013, or (ii) who are alleging claims against Defendants but are not identified in CMO 60 and whose cases are filed in, refiled in, removed to, or transferred into this Court after the date of CMO 57.  Collectively, the persons falling into either of the categories described above are the "Litigating Plaintiffs."   Canup is a Litigating Plaintiff, therefore CMO 57 applies to him.

CMO 57 contains a stay (the "Stay") of proceedings involving the parties as set forth immediately below:

## II.  STAY OF PROCEEDINGS INVOLVING THE PARTIES

The Court believes that the focus of all parties' efforts should be on implementation of the Settlement, which will take significant time and effort.  Accordingly, the Court shall stay all proceedings involving plaintiffs that are identified on an Identification Order Declaration and are considering or have registered for the Settlement.  Except for the requirements and procedures described in this Order [CMO 57], all proceedings involving Litigating Plaintiffs are hereby stayed as to the Defendants.  This stay shall remain in effect until it is lifted by order of the Court.

CMO 57 ¶10.

For the reasons stated in the Memorandum in Support (found below in this Instrument), the Stay should be lifted and Canup, along with any other remaining Litigating Plaintiffs, should be allowed to proceed with litigating their respective cases through trial and any appeals.  Canup incorporates the Memorandum in Support as if fully stated herein.

WHEREFORE PREMISES CONSIDERED, Canup respectfully requests that this Court lift the Stay and permit Canup, and any other remaining Litigating Plaintiffs to proceed with litigating their respective cases through trial and any appeals.

 DATED: August 2, 2024

                                        Respectfully submitted,

                                        *s/ David G. Gamble*
                                        David G. Gamble, Lead Counsel

4

Texas State Bar No. 24040946
Law Offices of David G. Gamble, PLLC
2805 Vermont Ct.
Arlington, Texas 76001
Tel.: (214) 288-7667
davidgamblelaw@gmail.com

**_Counsel for Plaintiff Brandon Canup_**

## <u>CERTIFICATE OF SERVICE</u>

On this 2nd date of August 2024, the undersigned counsel caused a true and correct copy of the foregoing instrument to be served on counsel of record for all Defendants via e-filing and e-mail pursuant to the Federal Rules of Civil Procedure.

_<u>s/ David G. Gamble</u>_

**MEMORADUM IN SUPPORT OF PLAINTIFF BRANDON CANUP'S MOTION TO LIFT STAY IMPLEMENTED BY CMO 57**

COMES NOW Plaintiff Brandon Canup ("Plaintiff" or "Canup") and files this Memorandum in Support of his Motion to Lift Stay Implemented by CMO 57 ("Motion to Lift Stay") and respectfully states as follows:

### A.

### Background

On August 29, 2023, the Court entered CASE MANAGEMENT ORDER NO. 57 ("CMO 57") in the Multi-District Litigation. See Docket No. 3811. CMO 57 applies to all individuals alleging claims of any nature against 3M Company, 3M Occupational Safety LLC, Aearo LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC (the "Defendants"), (i) who were identified pursuant to the Courts' Identification Order ("CMO 60"), but have elected not to participate in the Settlement Program as outlined in the Master Settlement Agreement ("Settlement Agreement") entered between Plantiffs' Leadership Counsel and the Defendants on August 29, 2013, or (ii) who are alleging claims against Defendants but are not identified in CMO 60 and whose cases are filed in, refiled in, removed to, or transferred into this Court after the date of CMO 57. Collectively, the persons falling into either of the categories described

above are the "Litigating Plaintiffs." Canup is a Litigating Plaintiff, therefore CMO 57 applies to him.

CMO 57 contains a stay (the "Stay") of proceedings involving the parties as set forth immediately below:

## II. STAY OF PROCEEDINGS INVOLVING THE PARTIES

The Court believes that the focus of all parties' efforts should be on implementation of the Settlement, which will take significant time and effort. Accordingly, the Court shall stay all proceedings involving plaintiffs that are identified on an Identification Order Declaration and are considering or have registered for the Settlement. Except for the requirements and procedures described in this Order [CMO 57], all proceedings involving Litigating Plaintiffs are hereby stayed as to the Defendants. This stay shall remain in effect until it is lifted by order of the Court.

CMO 57 ¶10.

The requirements and procedures described in CMO 57 relate to settlement, mediation, expert reports, other very specific disclosures by Plaintiff(s), limited discovery, summary judgments, Daubert challenges, and other pre-trial tasks. As it is written, any trial is stayed and Canup and the other Litigating Plaintiffs may not proceed to trial. See CMO 57.

The Aearo Defendants filed for bankruptcy in or around July 2022, which stayed the MDL with regard to the Aearo Defendants. However, the bankruptcy court declined to extend the automatic stay to 3M in MDL. The Court entered an order precluding 3M from shifting blame to the Aearo Defendants. 3M appealed

to Eleventh Circuit Court of Appeals, which stayed MDL for 3M. But 3M's appeal was voluntarily dismissed May 24, 2024. (Exhibit 1)

The Aearo bankruptcy petitions were dismissed in or around June 2023. The dismissal order was certified for direct appeal to the Seventh Circuit Court of Appeals, which again stayed the MDL with regard to the Aearo Defendants. Such appeal has been in abeyance since September 12, 2023. (Exhibit 2).

On or about August 29, 2023, the Settlement Agreement was agreed to. On the same day CMO 57 was entered, thereby implemented the Stay described in that order. The primary reasons given for the stay included the complexity of the MDL, the bankruptcies described above, and the Court's opinion that the Settlement Agreement should be the priority.

CMO 57 and the Stay therein will remain in effect at least until April 15, 2031—an almost eight (8) year stay. CMO 57 page 3.

## B.

### Argument and Authority

The Court gave several reasons for implementing the Stay. In CMO 57, the Court stated:

> "Multiple appeals from the bellwether cases are now pending in the Eleventh Circuit Court of Appeals. In July 2022, five of the six defendants (the "Aearo defendants") in this litigation filed petitions for Chapter 11 bankruptcy in the Southern District of Indiana, triggering an automatic stay of litigation against them. The bankruptcy court declined to extend the stay to Defendant 3M Company, so the CAE

Claims against 3M in the MDL continued unabated by the bankruptcy proceeding but obviously in a complicated fashion. Thereafter, the Court entered an order precluding 3M from attempting to avoid any portion of its alleged CAE liability in the MDL by shifting blame to the Aearo defendants, sua sponte certified that order for interlocutory appeal, and stayed discovery, trials, and/or remands in individual cases pending resolution of the interlocutory appeal; 3M's petition for interlocutory appeal has been ripe before the Eleventh Circuit Court of Appeals since January 2023. In the meantime, the Aearo defendants' bankruptcy petitions were dismissed on June 9, 2023; however, the dismissal order has been certified for direct appeal to the Seventh Circuit Court of Appeals."

CMO 57 ¶6.

The Court further stated: "It is the intent of the Court to support those settlement implementation efforts and, consistent with this Order and the stay implemented herein, to defer consideration of further proceedings while those longterm efforts to implement the settlement are ongoing and while aspects of the settlement are ongoing."  CMO page 39.

Since the time CMO 57 was entered in August of 2023, countless plaintiffs have settled their cases, and numerous others have had their cases dismissed for other reasons, leaving the current "body" of Litigating Plaintiffs a mere tiny percentage of the original body of plaintiffs.

In addition, there have been several changes in the status of the various appeals related to both the bellwether cases and the bankruptcy petition. All of the appeals related to the bellwether cases that were filed in the Eleventh Circuit Court of Appeals have been voluntarily dismissed. The interlocutory appeal filed in the

Eleventh Circuit Court of Appeals that is referenced in CMO 57 was voluntarily dismissed on May 24, 2024. The bankruptcy appeal that was filed in the Seventh Circuit Court of Appeals was voluntarily dismissed on July 11, 2024.

Further, without leave of Court, the depositions permitted during the "Additional Discovery" are only the deposition of Plaintiff, his treating healthcare providers, Plaintiff's spouse, and any other non-party lay fact witness specific to the Plaintiff. Hence, the Additional Discovery permitted by CMO 57 is one-sided.

As it stands now, Plaintiff (and the other Litigating Plaintiffs) will be unable to push forward to trial until the year 2031. While appreciative of the gargantuan tasks this Court has been able to accomplish in this MDL, Plaintiff respectfully submits that staying trial until year 2031 is an unreasonable delay, especially considering that this Court can remand/transfer this lawsuit to its originating venue. Countless thousands of cases came into this Court; not many Litigating Plaintiffs remain.

The power of a federal district court to stay its proceedings is a long-standing principle. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (Courts have inherent authority to stay proceedings as part of docket management.). This power springs from the inherent authority of every court to control the disposition of its cases. *Id.* at 254. When and how to stay proceedings is normally within the

sound discretion of the trial court. *Id*. at 254-55; *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed.Cir.1983).

But while the district court has a general discretionary power to stay proceedings before it to manage its docket and in the interests of justice, it also has an obligation to exercise the jurisdiction it is given. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Tyler v. Sec'y Dep't of Corrections*, Case No. 2:24-cv-363-JLB-NPM, 2024 U.S. Dist. LEXIS 91754 at *1 (M.D. Fla. May 22, 2024).

The trial court's discretion is not without bounds. *See Hendler v. United States*, 952 F.2d 1364, 1380 (Fed.Cir.1991). A stay so extensive that it is "immoderate or indefinite" may be an abuse of discretion. *See Landis*, 299 U.S. at 257 ("The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description."); *Gould*, 705 F.2d at 1341 (inquiring whether a stay is "for such a protracted or indefinite period as to render its issuance an abuse of discretion"); *see also Wedgeworth v. Fibreboard Corp*., 706 F.2d 541, 545 (5th Cir.1983) (holding that "stay orders will be reversed when they are found to be immoderate or of an indefinite duration" (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982))).

Also, when considering a discretionary stay, courts look at factors such as: (1) whether a stay will unduly prejudice or tactically disadvantage the party opposing the stay, (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court. *Draeger Medical Systems, Inc. v. Atom Medical Int'l, Inc*., Case No. 2:12-cy-512-SPC-DNR, 2013 U.S. Dist. LEXIS 195739, 2013 WL 12477733, *2 (M.D. Fla. Dec. 12, 2013); *EDST, LLC v. iApartments, Inc*., Case No. 8:22-cv-272-CEH-JSS, 2022 U.S. Dist. LEXIS 196697 at *6-7 (Oct. 28, 2022).

Ultimately, a discretionary stay is only justified if: (i) there is a clear inequity to a party if there is no stay, <u>and</u> (ii) the order granting the stay can be framed to contain reasonable limits on its duration. *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1552 n.13 (11th Cir. 1986).

This case concerns the individual Army veteran—Brandon Canup—and is not duplicative of other cases. While there is overlap with regard to the defects of Defendants' earplugs, Sergeant Canup's injuries, medical reports, and exposure are not duplicative of those of other plaintiffs in the MDL.

The Stay is protracted, immoderate, extensive and unreasonable. *See Wedgeworth*, 706 F.2d at 545; *Landis*, 299 U.S. at 257. As such, it should be lifted to permit Canup (and other plaintiffs) to litigate through trial. *See id*. Likewise, no undue prejudice or tactical disadvantage would come to Defendants if the Stay

were lifted. *Draeger Medical Systems, Inc.*, 2013 U.S. Dist. LEXIS 195739, 2013 WL 12477733, *2; *EDST, LLC*, 2022 U.S. Dist. LEXIS 196697 at *6-7. Defendants are huge corporations with a legion of lawyers to do their bidding in court.

Moreover, the Stay is not justified, because there is no clear (or unclear…) inequity to Defendants if the Stay were lifted, and 2031 is not a reasonable limit on the Stay's duration. *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1552 n.13 (11th Cir. 1986).

Further, most of the reasons given for the Stay in CMO 57 are no longer applicable. The primary reasons given for the Stay were: the complexity of the MDL, the bankruptcies described above, and the Court's opinion that the Settlement Agreement should be the priority. <u>All of the appeals</u> related to the bellwether cases that were filed in the Eleventh Circuit Court of Appeals <u>have been voluntarily dismissed</u>. The interlocutory appeal filed in the Eleventh Circuit Court of Appeals that is referenced in CMO 57 was voluntarily dismissed on May 24, 2024. The bankruptcy appeal that was filed in the Seventh Circuit Court of Appeals was voluntarily dismissed on July 11, 2024. Thousands of plaintiffs have signed onto the Settlement Agreement, and thousands more plaintiffs have been dismissed. There simply are not that many Litigating Plaintiffs left. This diminishes the complexity of the MDL.

Plaintiff respectfully submits that, at this point, it is time for the Court to satisfy its obligation to exercise the jurisdiction it is given. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. at 817 (1976); *Tyler v. Sec'y Dep't of Corrections*, 2024 U.S. Dist. LEXIS 91754 at *1.

## C.

### Request for Relief

WHEREFORE PREMISES CONSIDERED, Canup respectfully moves this Court to lift the Stay implemented by CMO 57 relating to Canup, and all Litigating Plaintiffs, so these cases can proceed through the MDL process and, at an appropriate juncture, be remanded for trial. Canup also requests all other and further relief, at law or in equity, to which he may be entitled.

### LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), the undersigned certifies that, based on the Word Count function in Microsoft Word, this Motion contains 2,864 words, inclusive of headings, footnotes, and quotations.

DATED: August 2, 2024

Respectfully submitted,

_s/ David G. Gamble_
David G. Gamble, Lead Counsel
Texas State Bar No. 24040946
Law Offices of David G. Gamble, PLLC
2805 Vermont Ct.
Arlington, Texas 76001
Tel.: (214) 288-7667
davidgamblelaw@gmail.com

**_Counsel for Plaintiff Brandon Canup_**

## CERTIFICATE OF SERVICE

On this 2nd date of August 2024, the undersigned counsel caused a true and correct copy of the foregoing instrument to be served on counsel of record for all Defendants via e-filing and e-mail pursuant to the Federal Rules of Civil Procedure.

_s/ David G. Gamble_