# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br><br>BRANDON CANUP,<br><br>v.<br><br>3M COMPANY, 3M OCCUPATIONAL SAFETY LLC, AEARO HOLDING LLC, AEARO INTERMEDIATE LLC, AEARO LLC, and AEARO TECHNOLOGIES LLC. | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon<br><br>MOTION FOR RECONSIDERATION, AND SUPPORTING MEMORANDUM<br><br>Civil Action No: 8:20-cv-14021-MCR-HTC |

## PLAINTIFF BRANDON CANUP'S MOTION FOR RECONSIDERATION AND MEMORANDUM IN SUPPORT

DATED: August 15, 2024


Respectfully submitted,


*s/ David G. Gamble*
David G. Gamble, Lead Counsel
Texas State Bar No. 24040946
Law Offices of David G. Gamble, PLLC
2805 Vermont Ct.
Arlington, Texas 76001

1

Tel.: (214) 288-7667
davidgamblelaw@gmail.com

*Counsel for Plaintiff Brandon Canup*

## CERTIFICATE OF CONFERENCE

The moving party complied with the attorney-conference requirement of Local Rule 7.1(B). Counsel conferred in good faith by phone and email, multiple times, on multiple days, in a meaningful way, in an attempt to resolve the issue(s) set forth in this instrument. Results of conference(s): Despite such good faith attempts on both sides, Defendants remain opposed to this motion and the relief sought herein. Therefore, this motion is submitted to the Court as opposed.

*s/ David G. Gamble*

## CERTIFICATE OF SERVICE

On this 15th date of August 2024, the undersigned counsel caused a true and correct copy of the foregoing instrument to be served on counsel of record for all Defendants via e-filing and e-mail pursuant to the Federal Rules of Civil Procedure.

*s/ David G. Gamble*

**MOTION FOR RECONSIDERATION**

COMES NOW Plaintiff Brandon Canup ("Plaintiff" or "Canup") and, and pursuant to Rule 54(b), files this Motion for Reconsideration ("Motion for Reconsideration") and respectfully states as follows:

On July 18, 2024, the Court entered an (the "Order") on Plaintiff's Motion to Dismiss. See Docket No. 31. In the Order, among other things, the Court dismissed all of Canup's hearing loss-related claims, and struck all references to them from his Amended Complaint. See Order at p. 6. The Court's rationale was that the hearing loss-related claims amounted to new claims in contravention of the Court's Order in ECF No. 15 at 2, in which the Court advised that Canup may not "use this opportunity [to amend] to add new allegations or causes of action to [his] Complaint[]."

For the reasons stated in the Memorandum in Support (found below in this Instrument), Canup should be allowed to amend his Complaint, including by adding any hearing loss-related allegations or causes of action. Canup incorporates the Memorandum in Support as if fully stated herein.

WHEREFORE PREMISES CONSIDERED, Canup respectfully requests that this Court grant him relief from the Order and permit his to amend his Complaint, including by adding any hearing loss-related allegations or causes of action.

DATED: August 15, 2024

                Respectfully submitted,

                *s/ David G. Gamble*
                David G. Gamble, Lead Counsel
                Texas State Bar No. 24040946
                Law Offices of David G. Gamble, PLLC
                2805 Vermont Ct.
                Arlington, Texas 76001
                Tel.: (214) 288-7667
                davidgamblelaw@gmail.com

                ***Counsel for Plaintiff Brandon Canup***

## CERTIFICATE OF SERVICE

On this 13th date of August 2024, the undersigned counsel caused a true and correct copy of the foregoing instrument to be served on counsel of record for all Defendants via e-filing and e-mail pursuant to the Federal Rules of Civil Procedure.

                *s/ David G. Gamble*

## MEMORADUM IN SUPPORT OF PLAINTIFF BRANDON CANUP'S MOTION FOR RECONSIDERATION

COMES NOW Plaintiff Brandon Canup ("Plaintiff" or "Canup") and files this Memorandum in Support of his Motion for Reconsideration ("Motion for Reconsideration") and respectfully states as follows:

### A.

### Background

On July 18, 2024, the Court entered an (the "Order") on Plaintiff's Motion to Dismiss.  See Docket No. 31.  The Order is interlocutory, disposing of some, but not all, claims.  In the Order, among other things, the Court dismissed all of Canup's hearing loss-related claims, and struck all references to them from his Amended Complaint.  See Order at p. 6.  The Court's rationale was that the hearing loss-related claims amounted to new claims in contravention of the Court's Order in ECF No. 15 at 2, in which the Court advised that Canup may not "use this opportunity [to amend] to add new allegations or causes of action to [his] Complaint[]."

For the reasons stated herein, Canup should be allowed to amend his Complaint, including by adding any hearing loss-related allegations or causes of action.

## B.

## Argument and Authority

Pursuant to Rule 54(b), the Court may revise an interlocutory order, including one disposing of fewer than all the claims in the lawsuit, at any time before the entry of a final judgment. The Order is interlocutory, and disposes of (among other things) Plaintiff's hearing loss-related facts and claims, while preserving other facts and claims. Whether to grant a motion to reconsider under Rule 54(b) is "committed to the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

While Rule 54(b) does not delineate specific parameters of a district court's discretion to reconsider interlocutory orders, Eleventh Circuit caselaw indicates that Rule 54(b) operates similar to Rule 60(b). *Hermann v. Hartford Life & Accident Ins. Co.*, 508 Fed. Appx. 923, 927 n.1 (11th Cir. 2013); *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990). Under Rule 60(b), a court may provide relief for reasons such as mistake, surprise, inadvertence, and any other reason that justifies relief. *See id.*

In this instance, the discovery of new evidence provides a reason justifying relief. Plaintiff has acquired new evidence since filing his last short form

complaint in 2022. He has since had another hearing examination as well as having produced an expert report on his hearing loss-related injuries and tinnitus.

Mistake and inadvertence also come into play. Concerning why the attorneys that initially represented Plaintiff in this MDL had not included any hearing loss claims on the first two short form complaints, Plaintiff cannot answer that. There was very little communication between Plaintiff and his initial attorneys. Plaintiff still cannot get his complete file from his initial attorneys after both him and his existing counsel requested it months ago to even attempt to understand any of the work that was done or decisions that were made during that time.

Plaintiff did not intentionally or maliciously violate a court order. Plaintiff misconstrued the order issued on April 17, 2024. The order states, "Within fourteen (14) days of the date of this Order, Plaintiffs must file a case-specific amended complaint on their individual dockets. To be clear, Plaintiffs should not use the Short Form Complaint template; instead, they should file Complaints in a standard, long form manner. Neither Kelly nor Canup may use this opportunity to add new allegations or causes of action to their Complaints." To be clear Plaintiff specifically misconstrued the portion of the order that restricts him from adding any, "new allegations or causes of action to their Complaints." Plaintiff assumed anything that was disclosed to Defendants on the Plaintiff Fact Sheet would not be

considered as a "new allegation or cause of action." By this point, such allegations and causes of action were no longer "new."

If Plaintiff failed to add the hearing loss-related facts and claims at this juncture, he took the chance of being barred from doing so in the future. *In re Engle Cases*, 767 F.3d 1082, 1118-19 (11th Cir. 2014) (undue delay can result in the denial of leave to amend). Plaintiff acquired new evidence in the time since he opted out of the settlement agreement and his filing of the latest amended pleadings. In that time, he also informed Defendants of his intent to seek damages for hearing loss and related injuries. Plaintiff took the first opportunity to add this to his pleadings to avoid any delay.

Defendants motion to dismiss and to strike hearing loss claims did not state the rule under which they are seeking relief, simply stating, "Plaintiff's addition of a new alleged injury violates this Court's order and thus should be dismissed, including by striking all references to alleged hearing loss in the Amended Complaint and prayers for relief for this alleged injury." (Defendants Motion to Dismiss, Page 10). Furthermore, the Court's ruling did not state the rule under which it was dismissing and striking the hearing loss claims. The Court stated, "Because the Court expressly precluded Canup from adding these new allegations and causes of action, all of Canup's hearing loss-related claims are hereby dismissed and all references thereto are stricken from his Amended Complaint."

Order at p. 6.  This leaves Plaintiff to speculate on the specific rule that applies to this situation.

Fed. R. Civ. P. 15(a)(2) states, "Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Plaintiff did not have written consent from Defendants to amend his complaint. He understood this to mean that the court had granted leave, unsolicited, for him to amend his complaint. Plaintiff also understands, "freely," to mean without restriction. In the courts order from April 17, 2024 the court ordered Plaintiff to amend his pleadings but restricted, without any reason given, his ability to do so. This ambiguity led to Plaintiff's confusion.  Plaintiff acknowledges he should have asked for clarification.

This case is nowhere close to trial, which is possibly years away.  There is more than ample time for discovery on any facts and causes of action.  Defendants will simply not be prejudiced in any way.

## C.

### Request for Relief

WHEREFORE PREMISES CONSIDERED, Canup respectfully moves this Court to grant Canup relief from the Order such that he may add hearing loss-related facts and claims to a new amended Complaint. Canup also requests all other

and further relief, at law or in equity, to which he may be entitled.

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), the undersigned certifies that, based on the Word Count function in Microsoft Word, this Motion contains 1,761 words, inclusive of headings, footnotes, and quotations.

DATED: August 15, 2024

                                          Respectfully submitted,

                                          *s/ David G. Gamble*
                                          David G. Gamble, Lead Counsel
                                          Texas State Bar No. 24040946
                                          Law Offices of David G. Gamble, PLLC
                                          2805 Vermont Ct.
                                          Arlington, Texas 76001
                                          Tel.: (214) 288-7667
                                          davidgamblelaw@gmail.com

                                          ***Counsel for Plaintiff Brandon Canup***

## **CERTIFICATE OF SERVICE**

On this 15th date of August 2024, the undersigned counsel caused a true and correct copy of the foregoing instrument to be served on counsel of record for all Defendants via e-filing and e-mail pursuant to the Federal Rules of Civil Procedure.

*s/ David G. Gamble*
