UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Canup*, Case No. 8:20-cv-14021 | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

# ORDER

Plaintiff Brandon Canup has filed a motion to lift the stay implemented by Case Management Order ("CMO") No. 57. Defendants have responded in opposition. For the reasons below, the motion is due to be denied. However, as described in more detail herein, the Court orders the Parties to show cause (if any) for continuing the 90-day mediation period ordered under CMO 57.

Canup was eligible to participate in the 3M Settlement Program but elected not to do so, making him a "Litigating Plaintiff" subject to the requirements of CMO 57. ECF No. 3811, Case No. 3:19-md-2885.[1] CMO 57 includes the following language regarding a stay of the proceedings involving the parties in the multidistrict litigation ("MDL"):

> The Court believes that the focus of all parties' efforts should be on implementation of the Settlement, which will take significant time and effort. Accordingly, the Court shall stay

---

[1] Unless indicated otherwise, as here, all other ECF references are to Canup's individual docket at Case No. 8:20-cv-14021.

> all proceedings involving Plaintiffs that are identified on an Identification Order Declaration and are considering or have registered for the Settlement. Except for the requirements and procedures described in this Order, all proceedings involving Litigating Plaintiffs are hereby stayed as to the Defendants. This stay shall remain in effect until it is lifted by order of the Court.

ECF No. 3811 at 11, Case No. 3:19-md-2885. Canup characterizes this stay as barring any trial in his case through April 2031, because that is the length of time that CMO 57 will stay in effect. ECF No. 35 at 7–8, 10; *see also* ECF No. 3811 at 3, Case No. 3:19-md-2885. Canup requests that this stay "be lifted [so] Canup, along with any other remaining Litigating Plaintiffs" can "proceed with litigating their respective cases through trial and any appeals." ECF No. 35 at 4. He argues that the bases for the stay in CMO 57 are essentially moot because there are few Litigating Plaintiffs remaining, and appeals from the MDL have been dismissed. *Id.* at 9–10, 13. Canup further asserts that the discovery permitted during the stay is "one-sided," because it focuses on Defendants' discovery of plaintiffs, and the stay is so lengthy that it constitutes an abuse of this Court's discretion. *Id.* at 10–13.

Defendants oppose, stating that CMO 57 does not impose a stay in Canup's case given that the Order provides for various phases of production, mediation, and motion practice for the Litigating Plaintiffs. ECF No. 37 at 3, 7–9. Further, Defendants state the CMO 57 discovery process is not one-sided, because "general discovery already proceeded against Defendants," and "Plaintiff has access to ***all*** general work product

for use in his case," and Canup may seek additional discovery of Defendants on a showing of good cause. *See id.* at 8–9; *see also id.* at 10–11 (describing why this motion is not ripe because it is not at the point in the CMO 57 process where Canup can seek additional discovery). Defendants also challenge Canup's assertion that he cannot proceed to trial until at least 2031 given that he declined to waive his *Lexecon* rights and this Court cannot conduct his trial. *Id.* at 9. Defendants argue that as a result, there is no way for the MDL to stay the trial and the case will have to be remanded. *Id.* Defendants conclude by arguing that any broader changes to CMO 57 are unwarranted, as the Order's language regarding the "stay" is finite, within the Court's discretion, and promotes judicial economy and fairness. *Id.* at 11–15.

The Court agrees with Defendants that, essentially, the relief Canup seeks is already available to him. *See id.* at 10 ("Plaintiff has not identified any actual controversy motivating his Motion . . . ."). The language regarding a stay in CMO 57 does not bar the meaningful progression of Canup's case or preclude it from going to trial before 2031. His motion, therefore, is **DENIED**.[2]

As Defendants highlight, the Order itself provides an exception to the "stay" for "the requirements and procedures described in [CMO 57]." ECF No. 3811 at 11, Case No. 3:19-md-2885. Those requirements encompass a majority of the Parties' pretrial

---

[2] Because the Court agrees that CMO 57 does not function to stay Canup's case and unreasonably delay trial, it does not reach Defendants' secondary argument about whether the requested modification of CMO 57 is warranted.

obligations, including document productions (*id.* at 16–26), production of plaintiff-specific expert reports (*id.* at 26–30), mediation (*id.* at 30), depositions (*id.* at 35), and summary judgment and *Daubert* motions (*id.* at 35–36). The Court has also, independent of CMO 57, imposed other pretrial case management deadlines. Indeed, outside of CMO 57, the Parties have briefed a motion to dismiss, the Court has issued its order in response, and Canup has filed a motion for reconsideration of that order—all in the last four months. *See* ECF Nos. 15, 24, 26, 31, 36. The Parties are now in the 90-day active mediation phase required under CMO 57. These activities are all the hallmarks of pretrial preparation—not a "protracted" or "unreasonable" stay, as Canup contends.

Canup argues that the discovery process in his case is "one-sided." This is incorrect. There has been a staggering amount of general common discovery taken in the MDL. *See* ECF No. 37 at 8 ("[D]iscovery included at least two dozen depositions of past and present employees of the Defendants . . . and the production of hundreds of thousands of pages of documents."). Canup has had access to this discovery trove through his former counsel and now his current counsel. And going forward, this Court has provided time for certain "Additional Discovery" in CMO 57, and Canup may seek leave for non-duplicative discovery on a showing of good cause. *See id.* at 2, 5, 9; ECF No. 3811 at 35–36, Case No. 3:19-md-2885. CMO 57 also has a built-in potential "Case Management Conference to determine whether any non-duplicative discovery,

including additional expert disclosures, are necessary and to discuss other case management issues." ECF No. 3811 at 36, Case No. 3:19-md-2885. In light of the past discovery efforts in the MDL, and CMO 57's mechanisms to obtain future discovery, the suggestion that discovery in Canup's case is one-sided is wrong.

The Court also agrees with Defendants that CMO 57 does not prevent Canup from going to trial before 2031. Canup has not waived his *Lexecon* rights, so the Court will eventually remand his case when trial-ready. *See* ECF No. 37 at 9. To be clear, the Court intends to proceed with managing this case by ensuring that the obligations of CMO 57 are complete—including case-specific discovery,[3] as well as dispositive and *Daubert* motions. Only then will the Court consider transfer of the case to the proper venue.[4] The Court plans to proceed in this manner because it is best positioned to address the pretrial needs of this case. The undersigned has extensive knowledge of the Combat Arms Earplug litigation and has ultimately presided over "109 *Daubert* challenges, 47 choice of law disputes, 42 case-specific summary judgment motions, and 21 post-trial motions" alongside "countless discovery, procedural, and/or logistical disputes" in the MDL. *See* ECF No. 3811 at 8, Case No. 3:19-md-2885. Deciding dispositive and *Daubert* motions in this Court, therefore, best serves judicial economy. Moreover, Canup's case is the only one, post-settlement, to have progressed to the

---

[3] Including any non-duplicative discovery of Defendants on a showing of good cause.

[4] But the Court will not wait to remand this case, assuming it is trial-ready, until 2031 solely because that is the end of the effective period for CMO 57.

mediation stage under CMO 57, and just a handful of Litigating Plaintiffs otherwise remain; therefore, the Court has the bandwidth to address the pretrial needs of this case individually.

Finally, this case was referred to mediation on July 2, 2024, and Magistrate Judge Cannon held an all-day settlement conference on July 22, 2024. That conference "resulted in an impasse." ECF No. 34. Given that this is the only case at the mediation stage of CMO 57, the Court does not see a reason to leave the mediation open and delay moving into the case-specific discovery period contemplated by Section IX of CMO 57, absent anticipated activity in the remaining 90-day mediation period. Thus, the Defendants must respond within **five (5) days** to say why the mediation period should be left open.

**SO ORDERED**, on this 22nd day of August, 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**