UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE:<br>3M COMBAT ARMS<br>EARPLUG PRODUCTS LIABILITY<br>LITIGATION,<br><br><br>This Document Relates to:<br>*Canup*, Case No. 8:20-cv-14021 | Case No. 3:19-MD-02885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

# DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE TO CONTINUE MEDIATION

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), the undersigned certifies that, based on the Word Count function in Microsoft Word, this Response contains 370 words, inclusive of headings, footnotes, and quotations.

Defendants 3M Company, 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC (collectively, "Defendants") hereby respond to this Court's August 22, 2024 Order ("Order") requiring Defendants to show cause why the 90-day mediation period pursuant to Case Management Order No. 57 ("CMO 57") should be left open. *See* Dkt. 38 at 6. For the reasons stated below, Defendants respectfully request that the Court permit the mediation period to run its full course, through October 21, 2024.

The Court's Order indicated that "absent anticipated activity in the remaining 90-day mediation period," it saw "no reason" to leave the mediation open. Dkt. 38 at 6. Yet, at the time that the Court issued this Order, Judge Cannon's Chambers had already reached out to the Parties to schedule a follow-up mediation session the week of September 16, 2024. Moreover, Judge Cannon's docket entry citing impasse reflected only that the Parties were unable to resolve the matter at the July 22, 2024 in-person mediation session. Given this, Defendants respectfully suggest that it would be premature to suspend the mediation process until the Parties have reconvened with Judge Cannon to explore settlement further.

Defendants also do not believe that Plaintiff wants, or even requested, that the mediation period be cut short. As Defendants explained in their August 16, 2024 Opposition to Plaintiffs' Motion to Lift Stay ("Opposition"), Defendants do not believe that Plaintiff's Motion to Lift the Stay challenged the Court's narrow,

specific mediation stay. *See* Dkt. 37 at 4-5. Moreover, Plaintiff did not seek any relief concerning that stay in either his Motion or his Memorandum. *See* Dkt. 36.

As this Court aptly noted, one of the core purposes of CMO 57 is to lay out an orderly and efficient pretrial procedure for Litigating Plaintiffs, "before both sides begin incurring the substantial costs involved with preparing a CAE Claim for trial." CMO 57 ¶ 8. Here, where both sides will bear those costs in real time, it benefits the Parties and the process to allow the mediation period under CMO 57 to proceed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that this Court should not close the mediation period under CMO 57 early.

Dated: August 27, 2024

/s/ *Charles F. Beall, Jr.*
Charles F. Beall, Jr.
Florida Bar No. 66494
cbeall@mhw-law.com
Larry Hill
Florida Bar No. 173908
lhill@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo, LLC*

2