UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:
3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,



This Document Relates to:
*Canup*, Case No. 8:20-cv-14021

Case No. 3:19-MD-02885

Judge M. Casey Rodgers
Magistrate Judge Hope T. Cannon

## DEFENDANTS' OPPOSITION TO PLAINTIFF BRANDON CANUP'S MOTION FOR RECONSIDERATION

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), the undersigned certifies that, based on the Word Count function in Microsoft Word, this Motion contains 4,930 words, inclusive of headings, footnotes, and quotations.

# TABLE OF CONTENTS

Legal Standard ..................................................................................................5

Argument ..........................................................................................................6

I.  Plaintiff Has Not Advanced Any New Arguments or Evidence in Support of His Motion for Reconsideration. .....................................................................6

II. Plaintiff Has Not Met His Burden to Show Cause for the "Extraordinary Remedy" of Reconsideration on the Merits. ...................................................9

    A.  Plaintiff's Purported Discovery of "New Evidence" Does Not Justify Reconsideration. .........................................................................9

    B.  Plaintiff's Purported "Mistake" And His Prior Counsel's Purported Conduct Do Not Excuse Any Lack of Diligence. ..............14

III. Plaintiff Should Not Be Granted Leave to Amend His Complaint. ..............16

Conclusion .....................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*,
  No. 19-md-2885, 2021 WL 4132269 (N.D. Fla. Sept. 12, 2021)................12, 19

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*,
  No. 19-md-2885, 2021 WL 6327373 (N.D. Fla. Oct. 20, 2021) ..........................6

*U.S. ex rel. Atkins v. McInteer*,
  470 F.3d 1350 (11th Cir. 2006) .............................................................................9

*Bank of Nova Scotia v. United States*,
  487 U.S. 250 (1988)...............................................................................................7

*Bent v. Wilson*,
  No. 21-cv-75, 2022 WL 16552665 (M.D. Fla. Oct. 31, 2022)............................14

*Cita Trust Co. AG v. Fifth Third Bank*,
  879 F.3d 1151 (11th Cir. 2018) ...........................................................................18

*Dos Santos v. United States Att'y Gen.*,
  982 F.3d 1315 (11th Cir. 2020) ...........................................................................15

*In re Engle Cases*,
  767 F.3d 1082 (11th Cir. 2014) .....................................................................18, 19

*Foman v. Davis*,
  371 U.S. 178 (1962)..............................................................................................16

*Grasso v. Electrolux Home Prod., Inc.*,
  No. 15-cv-20774, 2016 WL 2625746 (S.D. Fla. Mar. 24, 2016) ..........................6

*Griffith v. Geffen & Jacobsen, P.C.*,
  693 S.W.2d 724 (Tex. App. 1985).......................................................................15

*Hargett v. Valley Fed. Savings Bank*,
  60 F.3d 754 (11th Cir.1995) ................................................................................16

*Haynes v. McCalla Raymer, LLC*,
  793 F.3d 1246 (11th Cir. 2015) ...........................................................................18

*Heckenberg v. Artemis Lifestyles Servs., Inc.*,
   No. 20-cv-96, 2021 WL 2939847 (M.D. Fla. July 8, 2021) ...............................14

*Julie Su v. Loc. 568*,
   699 F. Supp. 3d 1333 (S.D. Fla. Oct, 23, 2023) ...............................................1, 9

*Laurie v. Alabama Ct. of Crim. App.*,
   256 F.3d 1266 (11th Cir. 2001) .......................................................................16

*Litke v. P.B. Express, Inc.*,
   No. 23-cv-1266, 2023 WL 9892102 (M.D. Fla. Dec. 15, 2023) .......................11

*Madura v. BAC Home Loans Servicing L.P.*,
   851 F. Supp. 2d 1291 (M.D. Fla. 2012) ...............................................................5

*Parker v. Esper*,
   No. 3:19-cv-126, 2020 WL 4480739 (N.D. Fla. Aug. 4, 2020),
   *aff'd*, 856 F. App'x 807 (11th Cir. 2021) ...........................................................6

*Poole v. Wichard S.A.S.*,
   No. 21-12806, 2022 WL 2903400 (11th Cir. July 22, 2022) .......................16, 18

*Posner v. Essex Ins. Co.*,
   178 F.3d 1209 (11th Cir. 1999) .......................................................................18

*Richitelli v. United States*,
   No. 21-cv-62202, 2024 WL 1174048 (S.D. Fla. Mar. 18, 2024) ...........11, 15, 16

*Rosenberg v. Gould*,
   554 F.3d 962 (11th Cir. 2009) .........................................................................18

*Scelta v. Delicatessen Support Servs., Inc.*,
   89 F. Supp. 2d 1311 (M.D. Fla. 2000) .................................................................9

*Strange-Gaines v. City of Jacksonville*,
   No. 20-cv-56, 2021 WL 252378 (M.D. Fla. Jan. 26, 2021) ...............................12

*Waddell v. Hendry Cnty. Sheriff's Off.*,
   329 F.3d 1300 (11th Cir. 2003) .......................................................10, 11, 12, 13

*Wagner v. Daewoo Heavy Indus. America Corp.*,
   314 F.3d 541 (11th Cir. 2002) .........................................................................17

**Court Rules**

N.D. Fla. Loc. R. 15.1(B) ........................................................17

Fed. R. Civ. P. 11 ..............................................................1

Fed. R. Civ. P. 15 ........................................................*passim*

Fed. R. Civ. P. 54 ........................................................*passim*

Fed. R. Civ. P. 59 ..............................................................5

Fed. R. Civ. P. 60 ..........................................................5, 14

Defendants 3M Company, 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC (collectively, "Defendants") respectfully request that the Court deny Plaintiff Brandon Canup's ("Plaintiff" or "Mr. Canup") Motion for Reconsideration, Dkt. 36 ("Motion").

## INTRODUCTION

"Court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Julie Su v. Loc. 568*, 699 F. Supp. 3d 1333, 1338, (S.D. Fla. Oct, 23, 2023) (quoting *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The two bases identified in the Motion were raised explicitly in Plaintiff's Motion to Lift the Stay *and* considered and rejected by the Court's July 18, 2024 Order, which Plaintiff now improperly moves to reconsider. The Motion thus fails the threshold consideration of whether such arguments are even eligible for reconsideration, which requires new evidence or a change in controlling law. The Motion could be denied on that basis alone.[1]

---

[1] The Motion is part of an escalating pattern of frivolous pleadings filed by Plaintiff. Defendants reserve all rights to seek sanctions, including attorneys' fees, under Rule 11 or otherwise, in connection with this Motion or any duplicative motion brought in the future under Rule 15.

The purportedly "new" evidence of alleged hearing loss has been known to Plaintiff since *2011*. Despite admitting that he believed to have had hearing problems in 2011 and after he concluded his active duty in 2012, Plaintiff did not allege any hearing loss when he first filed his short-form complaint ("SFC") in 2020. He reaffirmed that decision when he refiled his SFC in 2022. Plaintiff never sought the Court's permission to add hearing loss allegations to his complaint, and now, after improperly shoehorning such allegations into the case-specific long-form complaint ("LFC") that, per the Court's order, was not to contain new allegations or claims, he seeks forgiveness. He asks the Court not only to reconsider its order striking new allegations and dismissing all claims based on them, but also to retroactively grant the permission he could have and should have sought long ago.

Plaintiff's motion restates arguments presented in Opposition to Defendants' Motion to Dismiss, and which the Court already thoroughly rejected. Without more, Plaintiff cannot satisfy either the applicable standard for reconsideration or the applicable standard for leave to amend. The Court should deny his motion in its entirety.

## FACTUAL BACKGROUND

On June 3, 2020, Plaintiff filed his SFC in the 3M Combat Arms Earplug ("CAEv2") Products Liability Litigation ("MDL"). Dkt. 1. The SFC is based on a

template with separate boxes for all possible claims, including for "hearing loss," "sequelae to hearing loss," and/or "other" injuries. *See* Dkt. 1; MDL Dkt. 763. The Court's October 16, 2019 Pretrial Order required each plaintiff filing an SFC to check every applicable box. MDL Dkt. 763. Plaintiff's June 3, 2020 SFC did not check the box for "hearing loss" or "sequalae to hearing loss." Dkt. 1. Plaintiff checked only the box for "other injuries," specifying that injury as "tinnitus." *See id.* Plaintiff did not allege or even refer to hearing loss anywhere else in his SFC. *See id.* On May 12, 2022, Plaintiff refiled his SFC, listing the same injuries as his first SFC. Dkt. 4. Again, he did not refer to any alleged hearing loss. Dkt. 4; Dkt. 31 at 2. For both filings, Plaintiff was represented by Gregory D. Brown of Fleming, Nolan & Jez, LLP, Dkt. 31 at 2, a law firm that represented over 900 plaintiffs in this MDL.

On August 29, 2023, Defendants and Negotiating Plaintiffs' Counsel entered into a Master Settlement Agreement ("MSA") in this MDL. MDL Dkt. 3809. As part of the MSA, all plaintiffs had the option to either participate in the settlement or continue litigating subject to this Court's August 29, 2023 Case Management Order No. 57, MDL Dkt. 3811 ("CMO 57") and subsequent orders. Plaintiff declined to participate in the settlement and, thus, became a Litigating Plaintiff. *See* Dkt. 6.

In February 2024, Plaintiff retained his current counsel. Dkt. 9. On February

18, 2024, under penalty of perjury, Plaintiff executed a Plaintiff Fact Sheet. Decl. of C. Beall Ex. A ("PFS") at 32. The PFS alleged that Mr. Canup experienced hearing loss from his use of CAEv2 earplugs, and that he first noticed difficulty with his hearing in 2011. *Id.* at 25–27. Thus, in his PFS, Mr. Canup claimed he experienced hearing loss nearly nine years before he filed his first SFC that failed to identify any hearing loss injuries. *Id.*

On April 17, 2024, the Court ordered Plaintiff and another Litigating Plaintiff, Mr. Kelly, to file a case-specific long-form complaint, specifically stating that "[n]either Kelly nor Canup may use this opportunity to add new allegations or causes of action to their Complaints." Dkt. 15. Plaintiff filed his long-form complaint ("LFC") on May 1, 2024. Dkt. 17. The LFC alleged that Plaintiff "has suffered hearing loss, tinnitus, and/or additional hearing-related injuries as a result of using" CAEv2. *Id.* ¶ 11. *See also id.* ¶¶ 276, 292, 309, 343, 357 (similar). Plaintiff never moved for leave to amend his complaint under Rule 15 before or after filing his LFC.

On May 15, 2024, Defendants filed a motion to dismiss Plaintiff's LFC, arguing the hearing loss claims should be dismissed with prejudice because their inclusion in the LFC violated the Court's April 17, 2024 Order and Rule 15. *See* Dkt. 24 at 4, 6. Plaintiff filed an opposition to that motion on May 29, 2024 ("Opposition"), arguing that he understood the Court's April 17, 2024 Order to

permit him to add hearing loss-related claims to the LFC. *See* Dkt. 26 at 7–10.

Plaintiff also argued that he should be permitted to add these claims because he

had timely notified Defendants of his alleged hearing loss when he produced his

medical records and expert report by April 7, 2024, two years after he refiled his

SFC which did not allege hearing loss. *See id.* at 7–10.

On July 18, 2024, the Court granted in part and denied in part Defendants'

Motion to Dismiss (the "Order"). Dkt. 31 at 19. The Court dismissed and struck

from the LFC Plaintiff's hearing loss-related claims because they "were included

in direct contravention of the Court's [April 17, 2024] order" and Plaintiff had

never sought leave to amend under Rule 15 or other applicable law despite being

"capably represented" at all times. *See* Dkt. 31 at 4 n.4, 4–6, 19. On August 15,

2024, Plaintiff filed this Motion seeking reconsideration of the portion of the

Court's Order dismissing Plaintiff's hearing loss-related claims. *See* Dkt. 36.

## LEGAL STANDARD

An interlocutory motion to reconsider consumes "scarce judicial resources"

and is an "extraordinary remedy to be employed sparingly." *Madura v. BAC Home*

*Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1296 (M.D. Fla. 2012) (quoting

*Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla.

1999)). "Motions for reconsideration, whether considered under Rule 54(b) . . .

Rule 59(b), or Rule 60(b), are generally all evaluated under the same standard."

*Grasso v. Electrolux Home Prod., Inc.*, No. 15-cv-20774, 2016 WL 2625746, at *1 (S.D. Fla. Mar. 24, 2016) (citing *Region 8 Forest Serv. v. Alcock,* 993 F.2d 800, 805–06 (11th Cir. 1993)). "A motion to reconsider will be granted only if there is a change in controlling law, new evidence becomes available, or there is a 'need to correct clear error or manifest injustice.'" *Parker v. Esper*, No. 19-cv-126, 2020 WL 4480739, at *1 (N.D. Fla. Aug. 4, 2020), *aff'd*, 856 F. App'x 807 (11th Cir. 2021) (quoting *Madura*, 851 F. Supp. 2d at 1296).

## ARGUMENT

### I. Plaintiff Has Not Advanced Any New Arguments or Evidence in Support of His Motion for Reconsideration.

"A motion for reconsideration cannot be used 'to relitigate old matters.'" *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2021 WL 6327373, at *1 (N.D. Fla. Oct. 20, 2021) (Rodgers, J.) (quoting *Quality of Life, Corp. v. City of Margate*, 805 F. App'x 762, 773 (11th Cir. 2020). As a threshold matter, Plaintiff's Motion fails to provide any new arguments or evidence upon which a motion for reconsideration could be founded. Plaintiff presents the identical arguments and evidence that he advanced in his Opposition to Defendant's Motion to Dismiss, which this Court considered and rejected in issuing its Order. *See generally* Dkt. 31.

Plaintiff's Motion advances two main arguments. *First*, he asks this Court to reconsider its decision in light of purportedly "new evidence" of his hearing loss,

namely, "another hearing examination as well as having produced an expert report on his hearing loss-related injuries and tinnitus." Motion at 6–7. But Plaintiff cited these exact records in his Opposition. *See* Dkt. 26. at 9–10 ("The hearing loss, including the medical records and expert report of Dr. Knox was previously produced . . . ."). The Court considered this evidence explicitly in its Order, quoting from Plaintiff's Opposition that "he was not certain of whether to assert a hearing loss claim until recently because, while he 'had known that there was a slight shift in his hearing threshold, he was not certain of the details' and 'whether a certain decibal [sic] amount of hearing loss was required;' and his injury was the domain of experts." Dkt. 31 at 5 (quoting Dkt. 26 at 9). In dismissing Plaintiff's hearing loss claims, the Court held that, despite these arguments, the claims were barred by the Court's April 17, 2024 Order and not properly added under Rule 15. *See* Dkt. 31 at 4–5 & n.4 (referencing these "disclosures" and considering whether hearing loss was a "new allegation").

*Second*, Plaintiff argues that the Court's Order contained "ambiguity" causing him to "misconstrue" it to permit him to add new claims.[2] Motion at 8–9

---

[2] Defendants disagree that the April 17, 2024 Order was "ambiguous." It stated that Plaintiff could not "use this opportunity to add new allegations or causes of action to [his] Complaint." Dkt 15; *see also* Dkt. 31 at 4 (quoting this language). This language cannot reasonably be read to permit Plaintiff to add hearing loss-related claims that did not appear in his then-operative complaint. Furthermore, nothing in the April 17, 2024 Order can be read to abrogate Rule 15, nor could it. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) ("[F]ederal courts have no

("In the courts [sic] order from April 17, 2024 the court [sic] ordered Plaintiff to amend his pleadings but restricted, without any reason given, his ability to do so. This ambiguity led to Plaintiff's confusion."). Mr. Canup already raised this argument in his Opposition, arguing that the "Court explicitly ordered Plaintiff to amend his complaint, which is precisely what he did." *See* Dkt. 26 at 9. The Court considered and rejected the possibility that its Order could be "misconstrued" explaining that:

> When the Court entered this [April 17, 2024] order, it did so with the understanding that Canup was capably represented at the time his two Short-Form Complaints were filed, nearly four and two years earlier, respectively, and during that time there had never been any request to file an amended complaint to add claims for hearing loss. ***And notably, even now, Canup's existing counsel has never sought leave to amend the complaints to add hearing loss claims.***

Dkt. 31 at 4, n.4 (emphasis added). The Court considered Plaintiff's purported misunderstanding and dismissed Plaintiff's hearing loss-related claims for failure to comply with its Order and observed that the proper remedy—if any—would be for Mr. Canup to seek leave to amend his complaint under Rule 15 (which he still has not done, filing this Motion to Reconsider instead).[3]

---

more discretion to disregard [a Rule's] mandate than they do to disregard constitutional or statutory provisions.").

[3] In connection with his Motion brought under Rule 54(b), Plaintiff requests that he "be allowed to amend his Complaint, including by adding any hearing loss-related allegations or causes of action." Motion at 3. Plaintiffs seeking to amend a

"[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). Far from arguing new points that could not have been made in his Opposition, Plaintiff regurgitates the same arguments he previously proffered and that the Court clearly considered and rejected. Plaintiffs' Motion should be denied on this basis, alone. *See Julie Su*, 699 F. Supp. 3d at 1338 (denying motion for reconsideration because "[n]ot only did Plaintiff raise the same arguments in the instant Motion as it did in its [prior] motion . . . but the Court gave these arguments extended consideration").

## II.    Plaintiff Has Not Met His Burden to Show Cause for the "Extraordinary Remedy" of Reconsideration on the Merits.

Even if Plaintiff had identified arguments eligible for reconsideration, neither ground Plaintiff advances entitles him to reconsideration of the Court's Order.

### A.    Plaintiff's Purported Discovery of "New Evidence" Does Not Justify Reconsideration.

A movant seeking relief on the basis of newly discovered evidence must establish that: (1) the new evidence was discovered after the judgment or order at

---

complaint should proceed under Rule 15, unless the district court has dismissed the complaint in its entirety and entered final judgment for the defendant, which plainly did not happen here. *See U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006); Dkt. 31.

issue was entered; (2) the movant exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is likely to produce a different result. *See Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003).

Plaintiff argues that new evidence of his hearing loss has come to light. But neither the fact of Plaintiff's alleged hearing loss—nor the records Plaintiff cites as evidence—are "new evidence" warranting consideration under the five-factor test in *Waddell*.

Plaintiff's PFS clearly states that he first experienced symptoms of alleged hearing loss in 2011. *See* PFS at 27. Plaintiff obtained a hearing test and an expert report purporting to demonstrate this alleged hearing loss by March 2024. *See* Decl. of C. Beall Ex. B ("Knox Report") at 10; Decl. of C. Beall Ex. C ("March 2024 Audiogram"). Thus, Plaintiff should have discovered, and in fact did discover, his alleged hearing loss well before the "order at issue was entered." *Waddell,* 329 F.3d at 1309. Indeed, Plaintiff cited and the Court thereafter discussed his alleged hearing loss in its Order. *See supra* pages 6–7. It is not "new evidence" but rather cumulative evidence that fails under each prong of *Waddell's* five-factor test.

*First*, the purportedly "new" evidence was discovered *prior to* the entry of this Court's Order. *See Waddell,* 329 F.3d at 1309. Plaintiff received his hearing

examination on March 14, 2024, and his expert report is dated March 21, 2024. Knox Report at 10; March 2024 Audiogram. Both dates are well before this Court's July 18, 2024 Order dismissing his claims, Dkt. 31, and even before Defendants filed their motion to dismiss on May 15, 2024. Dkt. 24. That alone is sufficient to establish that Plaintiff has not provided "new evidence" warranting reconsideration under the applicable rule.

*Second*, Plaintiff has failed to show that he exercised due diligence in discovering this evidence because Plaintiff and his counsel were not "prevented . . . from pursuing" his hearing loss-related claims prior to this Court's Order on July 18, 2024. *Richitelli v. United States*, No. 21-cv-62202, 2024 WL 1174048, at *2 (S.D. Fla. Mar. 18, 2024); *see also Waddell*, 329 F.3d at 1309. Plaintiff's sworn statements in his February 18, 2024 PFS show that he claims to have begun experiencing trouble with his hearing in or around 2011. *See* PFS at 13, 25–27. That was sufficient information for Plaintiff to assert claims based on hearing loss; he did not need the March 2024 audiometric testing data to allege that injury because that is merely evidence that could potentially support a long-known alleged hearing loss injury. It is not evidence of a new injury.

Nor is his apparent claim that he could not allege hearing loss without the recent audiogram or expert report credible, as that ignores the pleading standard under the Federal Rules and *Iqbal*, which does not require a plaintiff to have all the

necessary proofs to substantiate a claim when pleading it. *See, e.g.*, *Litke v. P.B. Express, Inc.*, No. 23-CV-1266, 2023 WL 9892102, at \*2 (M.D. Fla. Dec. 15, 2023) ("Attaching to a pleading all evidence a plaintiff contends supports a claim is unusual and unnecessary and detracts from the 'short and plain' requirements."); *Strange-Gaines v. City of Jacksonville*, No. 20-cv-56, 2021 WL 252378, at \*2 (M.D. Fla. Jan. 26, 2021) ("Presenting . . . all evidence in a complaint generally is improper."). Indeed, this Court's 2021 Order on "hidden hearing loss"—which was entered before Plaintiff filed his first SFC—lays that bare. *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 19-md-2885, 2021 WL 4132269, at \*6 (N.D. Fla. Sept. 12, 2021). There, the Court considered a motion to exclude evidence and, in ruling, identified evidence necessary to substantiate a hidden hearing loss claim. *Id.* The evidence necessary to substantiate a claim is different in kind from the knowledge necessary to state a claim and in arguing otherwise, Plaintiff conflates the two standards. Plaintiff fails to establish any due diligence.

*Third*, the purported new evidence is entirely cumulative—in fact identical—to the evidence that was before the Court when it issued its Order. *See Waddell*, 329 F.3d at 1309. Plaintiff cited to these records in his Opposition, *see* Dkt. 26 at 9–10 ("The hearing loss, including the medical records and expert report of Dr. Knox was previously produced . . . ."), and the Court discussed these records

in its Order, *see* Dkt. 31 at 4–5 & n.4 (referencing these "disclosures" and considering whether hearing loss was a "new allegation"). *See supra* pages 6–7.

*Fourth*, as to elements (4), and (5), for similar reasons, Plaintiff has also failed to show that the purportedly new evidence is material and "likely to produce a different result," as required under the applicable standard. *See Waddell*, 329 F.3d at 1309. Plaintiff's hearing loss-related claims were not dismissed because Plaintiff failed to provide sufficient evidence of hearing loss; they were stricken and dismissed because Plaintiff had not complied with Rule 15 or with this Court's April 17, 2024 Order. *See* Dkt. 31 at 5–6. Plaintiff never sought relief from the April 17, 2024 Order and, as the Court observed, did not otherwise seek leave of Court to amend his complaint to add hearing loss-related claims under Rule 15. *See id.* Therefore, Plaintiff's hearing loss-related claims were not properly before the Court. The purportedly new theory to substantiate an injury he claimed to experience since 2011—reflected in the March 2024 audiometric testing and expert report—do not change the fact that the Court's dismissal was based on Plaintiff violating the Court's Order.

For all of these reasons, Plaintiff has failed to show that his purported "new evidence" justifies reconsideration of the Court's Order.

## B. Plaintiff's Purported "Mistake" And His Prior Counsel's Purported Conduct Do Not Excuse Any Lack of Diligence.

Plaintiff also requests reconsideration on the grounds of "mistake." He argues that his prior counsel erred in failing to check the box for hearing loss in his two separate SFCs, and that he and his current counsel misunderstood the Court's April 17, 2024 Order. Motion at 7–8.

"Mistake" is a specifically enumerated basis for reconsideration under Rule 60; but Plaintiff does not cite any authority for the proposition that the mistake of a *party* is a basis upon which a court may grant relief *under Rule 54(b).* And a "mistake" within the meaning of Rule 60(b) "does not encompass a mistake made solely by the party requesting reconsideration and not encompassed in the order." *Heckenberg v. Artemis Lifestyles Servs., Inc.*, No. 20-cv-96, 2021 WL 2939847, at *2 (M.D. Fla. July 8, 2021). Plaintiff's request for reconsideration should be denied on that basis alone; the Order dismissing his hearing loss-related claims was not based upon any mistaken factual premises, but rather the fact that Plaintiff added claims to the LFC that did not appear in the SFC without leave, a fact which Plaintiff concedes. *See* Motion at 7.

Additionally, where courts have considered a party's "mistake" under Rule 60, they have found that the "misreading" of "an unambiguous order" does not warrant reconsideration. *See Bent v. Wilson*, No. 21-cv-75, 2022 WL 16552665, at *2 (M.D. Fla. Oct. 31, 2022) ("To be clear, the Court is unaware of any

circumstances under which an attorney's failure to carefully and thoroughly read and comply with a Court order, particularly with five days to do so, would be excusable."). Plaintiff is not entitled to reconsideration because Plaintiff and his counsel misunderstood the Court's unambiguous April 17, 2024 Order. *See supra* pages 7–8.

More broadly, Plaintiff's attempts to shift blame to counsel are unavailing; courts routinely reject arguments that counsel erred when determining whether the burden for a motion to reconsider has been met. *See Richitelli*, 2024 WL 1174048, at *2 & n.1 (plaintiff's counsel's lack of diligence in discovering evidence did not justify relief under Rule 60) (citing *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004) ("[C]lients are to be held accountable for the acts and omissions of their attorneys.")); *Dos Santos v. United States Att'y Gen.*, 982 F.3d 1315, 1319 (11th Cir. 2020) ("[I]t has long been understood that a party who 'voluntarily chose' an attorney to represent her cannot later choose to 'avoid the consequences of the acts or omissions of this freely selected agent.'" (citation omitted)).

Plaintiff is not excused by his prior counsel's alleged failure to plead hearing loss-related claims—on two separate occasions two years apart—when Plaintiff indisputably knew of the alleged injury and Plaintiff, himself, has an obligation to

prosecute his case and identify his alleged claims and injury.[4] *See* Dkt. 1, 4;

*Richitelli*, 2024 WL 1174048, at \*2 & n.1. And he is not excused for his prior or

current counsel's alleged neglect to move to amend Plaintiff's pleading.

## III.    Plaintiff Should Not Be Granted Leave to Amend His Complaint.

While Plaintiff styles his motion as a Motion for Reconsideration under Rule

54(b), Plaintiff's ultimate objective is to obtain leave to amend his complaint to

include hearing loss-related claims.

The "decision whether to grant leave to amend a complaint is within the sole

discretion of the district court." *Laurie v. Alabama Ct. of Crim. App.*, 256 F.3d

1266, 1274 (11th Cir. 2001). In exercising that discretion, a court may deny leave

to amend as a result of "undue delay, bad faith, or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment,

[and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962);

*Hargett v. Valley Fed. Savings Bank*, 60 F.3d 754, 761 (11th Cir. 1995). A proper

exercise of the district court's discretion in denying leave to amend does not

require finding all those factors present or, in particular, a finding of undue

---

[4] Plaintiff does not attempt to explain his purported inability to obtain his files from his prior counsel nor does he clarify whether such files are subject to any lien. *See, e.g.*, *Griffith v. Geffen & Jacobsen, P.C.*, 693 S.W.2d 724, 728 (Tex. App. 1985) ("An attorney may withhold a client's papers if he is claiming a lien against the papers for amounts due from the client for professional services or expenses.").

prejudice to the party opposing the amendment. *See Poole v. Wichard S.A.S.*, No. 21-12806, 2022 WL 2903400, at *3 (11th Cir. July 22, 2022) (affirming denial of leave to amend based solely on undue delay).

As a threshold matter, this Court should not construe Plaintiff's Motion to Reconsider as a request for leave to amend under Rule 15, or under any other applicable law, because Plaintiff, represented by counsel, has failed to properly raise or brief the issue, despite the Court offering *sua sponte* guidance on the issue. *See* Dkt. 31 at 4 n.4 (noting that Plaintiff has been "capably represented" by counsel yet has never sought leave to amend); *see also Wagner v. Daewoo Heavy Indus. America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend the complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

Plaintiff has also not complied with the Local Rules of this District, which set forth specific procedural requirements to amend a pleading. *See* N.D. Fla. Loc. R. 15.1(B) ("**Separately Docketing a Motion for Leave and the Amended Pleading**. When a pleading may be amended only by leave of court, the amending party must file a motion for leave to amend and must simultaneously file the proposed amended pleading itself. The proposed amended pleading will become effective only if the Court grants leave to amend.") (emphasis in original).

It is not enough for Plaintiff to simply request leave to amend in responding to a motion to dismiss—much less, as here, in a motion for reconsideration of an order granting a motion to dismiss—without providing the Court specifics of the proposed changes. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been properly raised"). The Eleventh Circuit has routinely affirmed denials of motions for leave to amend on that basis alone. *See id.*; *Cita Trust Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018); *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009).

Even setting aside those procedural defects, Plaintiff has failed to establish on the merits that he is entitled to leave to amend his complaint. Plaintiff has unduly delayed in seeking such leave, and that alone is fatal to his request. "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2015) (citation omitted). "Undue delay is a legitimate reason for the district court to refuse to grant leave to amend." *Poole*, 2022 WL 2903400, at *3 (citations omitted).

Plaintiff acknowledges that fact in his Motion. *See* Motion at 8 ("If Plaintiff failed to add the hearing loss-related facts and claims at this juncture, he took the chance of being barred from doing so in the future.") (citing *In re Engle Cases*, 767 F.3d 1082, 1118–19 (11th Cir. 2014)). In *Engle*, the Eleventh Circuit explained in detail that "a district court has discretion to deny leave to amend when the moving party's delay was the result of bad faith, dilatory tactics, or sheer inadvertence, or when the moving party offers no adequate explanation for a lengthy delay." 767 F.3d at 1119. The lack of prejudice to the nonmoving party in *Engle* "d[id] not automatically excuse plaintiffs' counsel's four-year delay" because "[t]he information plaintiffs' counsel needed to file an accurate complaint ha[d] been available since before [the] cases were filed." *Id.*

As detailed above, Plaintiff has known of his alleged hearing loss for more than a decade and yet failed twice, in two years, to include hearing loss related claims in his short-form complaints, despite the fact that he: (1) has been represented by counsel throughout his case; (2) was specifically prompted to check a box indicating whether he was claiming hearing loss; and (3) had the benefit of this Court's 2021 Order crediting the hidden hearing loss theory as evidence to support hearing loss-based claims where there otherwise is no formal hearing loss diagnosis. *See* Dkt. 1, 4; *3M Combat Arms*, 2021 WL 4132269, at *6. After this Court's April 17, 2024 Order directing Plaintiff to file an LFC conforming to his

SFC, and despite being represented by counsel, Plaintiff still failed to seek leave to amend his complaint to add hearing loss-related claims until after the parties had fully briefed a dispositive motion and this Court decided that motion. *See generally* Dkt. 31. Plaintiff has still failed to properly brief the issue of an amendment, seeking instead the unwarranted reconsideration of this Court's Order under Rule 54(b).[5]

Plaintiff has not provided this Court a compelling reason to reconsider its Order under Rule 54(b) or to permit Plaintiff to amend his complaint at this late stage.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion.

Dated: August 29, 2024

*/s/ Charles F. Beall, Jr.*
Charles F. Beall, Jr.
Florida Bar No. 66494
cbeall@mhw-law.com
Larry Hill
Florida Bar No. 173908
lhill@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.

---

[5] While not a necessary finding to deny leave to amend, these repeated failures have not only caused "undue delay," but also prejudice to Defendants. An amendment adding hearing loss-related claims will substantially delay the proceedings because a decision has already been rendered on Defendants' motion to dismiss, Dkt. 31, and in responding to an amended complaint, Defendants will have to expend considerable time and resources to assert new arguments related to Plaintiff's hearing loss-related claims, which span several causes of action.

350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541

*Counsel for Defendants 3M
Company, 3M Occupational Safety
LLC, Aearo Technologies LLC,
Aearo Holding, LLC, Aearo
Intermediate, LLC and Aearo, LLC*