UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Canup*, Case No. 8:20-cv-14021 | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

# ORDER

Plaintiff Brandon Canup seeks reconsideration under Federal Rule of Civil Procedure 54(b) of this Court's Order dismissing his hearing loss-related claims. ECF No. 36. Defendants have responded in opposition. ECF Nos. 45 & 46. For the reasons below, the Court denies Canup's Motion.

## I.  Background

Three Complaints have been filed in the above-captioned action: an initial Short-Form Complaint ("SFC") filed in June 2020; a second SFC filed in May 2022; and a third Long-Form Complaint ("LFC") filed in May 2024. *See* ECF Nos. 1, 4, 17. Previous counsel for Canup filled out the two SFCs using the standard template for claims in this multidistrict litigation ("MDL"); in the SFCs, plaintiffs would check boxes for what injuries they were asserting against Defendants. *See, e.g.*, ECF No. 1 at 3. Neither of Canup's SFCs included a check in the box for hearing loss claims. *See id.*; ECF No. 4 at 3. Once Canup opted out of participating in the settlement program

in the broader MDL and retained new counsel, about two years after filing his second SFC, the Court ordered that he (and another litigating plaintiff) file a case-specific LFC on April 17, 2024. That Order (hereinafter "LFC Order") expressly cautioned Canup that he could not use the amendment as an opportunity to add new causes of action or allegations against Defendants. ECF No. 15 at 2. Notwithstanding this admonition, Canup's LFC included new causes of action and allegations, including for hearing loss injuries. Defendants subsequently moved to dismiss the newly added hearing loss claims, among others. ECF No. 24. This Court entered an Order granting Defendants' Motion to Dismiss Canup's hearing loss-related claims on July 18, 2024. ECF No. 31. Canup filed the instant motion for reconsideration on August 15, 2024. ECF No. 36.

Motions for reconsideration of interlocutory orders under Rule 54(b) are generally evaluated under the same standards as Rules 59(b) and 60(b), the latter of which provides for relief from judgment for various reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *Grasso v. Electrolux Home Prod., Inc.*, No. 15-cv-20774, 2016 WL 2625746, at *1 (S.D. Fla. Mar. 24, 2016) (citing *Region 8 Forest Serv. v. Alcock,* 993 F.2d 800, 805–06 (11th Cir. 1993)); *Berisha v. Stan, Inc.*, 461 F. Supp. 3d 1257, 1259 (S.D. Fla. 2020) ("[T]he factors provided in Rule 60(b) may be applied to a Rule 54(b) motion to reconsider."). There are three primary grounds for reconsideration of an order: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to

correct clear error or prevent manifest injustice." *Fenello v. Bank of Am., NA*, 577 F. App'x 899, 903 n.7 (11th Cir. 2014) (quoting *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010)). "A motion for reconsideration is not a tool for relitigating what a court has already decided." *Roig v. United Parcel Serv., Inc.*, No. 20-60811-CIV, 2022 WL 3581354, at *4 (S.D. Fla. Aug. 17, 2022) (citation omitted), *aff'd sub nom. Est. of Roig by & through Olivera v. United Parcel Serv., Inc.*, No. 22-13043, 2023 WL 5321473 (11th Cir. Aug. 18, 2023). Rather, reconsideration is an "extraordinary remedy." *Dorsch v. Pilatus Aircraft Ltd.*, No. 8:11-CV-441-T-17MAP, 2013 WL 12161854, at *1 (M.D. Fla. Mar. 28, 2013) (citation omitted). "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted).

Canup seeks reconsideration based on 1) new evidence, and 2) mistake and inadvertence. ECF No. 36 at 6–7. He also asserts that he "should be allowed to amend his Complaint, including by adding any hearing loss-related allegations or causes of action." *Id.* at 3. With regard to his evidentiary argument, Canup contends that he has "acquired new evidence since filing his last short form complaint"—in particular, he has "had another hearing examination" and "produced an expert report on his hearing loss-related injuries and tinnitus." *Id.* at 6–7. Based on that "new" information, "Plaintiff took the first opportunity to add this to his pleadings to avoid any delay." *Id.*

at 8.  Second, Canup claims mistake and inadvertence by his prior attorneys, and that he does not understand the decisions by those attorneys to omit his hearing loss claims. *Id.* at 7.  Further, Canup states that present counsel misunderstood[1] the directive in the Court's April 2024 LFC Order not to add new allegations or claims to his LFC because counsel did not consider the hearing loss claims to be "new" after they were disclosed to Defendants on the Plaintiff Fact Sheet ("PFS") in February 2024.  *Id.* at 7–8.  Counsel represents he also did not understand the basis of the Court barring new claims or allegations in the LFC.  *Id.* at 8.  Finally, Canup argues that there will be no prejudice to Defendants if Plaintiff's amendment is allowed, as the case is not close to trial, and there is time for additional discovery on new causes of action.  *Id.* at 9.

Defendants oppose, arguing that the motion for reconsideration should be rejected because Canup's arguments are not eligible for reconsideration and, even if they were, he has not met his burden of showing cause for the remedy of reconsideration.  ECF No. 45 at 1, 9.  Additionally, to the extent Canup is moving for leave to amend his complaint, Defendants argue his request should be denied for failure to "properly raise or brief the issue," or "to establish on the merits that he is entitled to leave to amend his complaint."  *Id.* at 17–18.

---

[1] The Motion refers to "Plaintiff" misconstruing the Court's Order, but the Court assumes that counsel for Plaintiff interpreted the Order, not Canup himself.  *See* ECF No. 36 at 7–9.

## II.   Discussion

### a.  Canup has not established any basis for reconsideration

Neither of the bases for reconsideration offered by Canup is sufficient to persuade this Court to reconsider its Order dismissing his hearing loss-related claims and allegations.  First, Canup asserts that the new evidence warranting reconsideration is his "hearing examination" and "expert report on his hearing loss-related injuries and tinnitus."  ECF No. 36 at 6–7.  But "[w]hen newly discovered evidence is the basis for reconsideration of an interlocutory ruling, the proponent must demonstrate that the evidence was neither in its possession nor available on the exercise of due diligence *before the interlocutory ruling*."  *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 6327373, at *1 (N.D. Fla. Oct. 20, 2021) (emphasis added); *see also Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003) ("[E]vidence must be newly discovered. . . .").  There can be no dispute that the evidence Canup argues is "new" was discovered before the Court's interlocutory order in July 2024.  *See* ECF No. 31.  As Defendants point out, that evidence was acquired in March 2024.  ECF No. 45 at 10–11.  Indeed, the Court acknowledged that such evidence existed—and took it into account—in advance of its July Order.  *See* ECF No. 31 at 5 (noting "disclosures required under Case Management Order 57"—like expert reports and testing to support claims—included '"hearing loss allegations and

damages"' (citation omitted)).  Thus, Canup does not show "new" evidence on which the Court may reconsider its Order.

Canup also provides two arguments for reconsideration due to mistake or inadvertence: first, he is unsure why his prior counsel omitted claims for hearing loss in his first two SFCs.  ECF No. 36 at 7.  Second, he says that current counsel misunderstood the Court's Order requiring that Canup file a LFC without new allegations or claims, because counsel did not consider them "new" after being disclosed in the PFS in February 2024.  *See id.* at 7–8; ECF No. 46-1 at 32.  Further, counsel does not understand the basis for the Court to bar new claims or allegations (or, accordingly, the basis of Defendants' motion to dismiss).  ECF No. 36 at 8–9.

Neither of these "mistakes" from prior or current counsel warrant reconsideration.  Regarding prior counsel's purported mistakes, as Defendants highlight, "it has long been understood that a party who 'voluntarily chose' an attorney to represent [him] cannot later choose to 'avoid the consequences of the acts or omissions of this freely selected agent.'" *Dos Santos v. United States Att'y Gen.*, 982 F.3d 1315, 1319 (11th Cir. 2020) (citation omitted); *see also* ECF No. 45 at 15; *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594 (6th Cir. 2002) (In evaluating a purported mistake under Rule 60(b), "it [does not] matter that any mistake or strategic choice might have been made by [plaintiffs'] former counsel, rather than by the [plaintiffs] themselves, or that they might have been less

than fully informed, knowledgeable and active participants in the decisionmaking process."). Moreover, as presented to the Court, it is unclear that former counsel made a mistake, rather than a strategic choice, in not selecting the boxes for hearing loss injuries on the SFCs. Accordingly, the Court declines to reconsider on the basis of former counsel's purported mistake.

Likewise, Canup's argument regarding current counsel's misunderstanding of the LFC Order does not compel the Court to reconsider its decision dismissing Canup's hearing loss claims. Just because counsel did not consider the hearing loss claims to be "new" following the PFS a few months prior does not make that so. Likewise, counsel's confusion about the basis for the Court's LFC Order, and the interplay between that Order and Rule 15, does not change the meaning of Court's original directive not to add new allegations or claims. *Cf. Bent v. Wilson*, No. 6:21-CV-75-WWB-EJK, 2022 WL 16552665, at *2 (M.D. Fla. Oct. 31, 2022) ("[T]he Court rejects any argument that Plaintiff's 'misreading' of an unambiguous order would be excusable neglect."). Were the Court to change the plain meaning of its own Order based on counsel's interpretation, it would allow "relitigati[on] [of] what [the] court has already decided." *Roig*, 2022 WL 3581354, at *4.

### b. The Court declines to construe Canup's Motion as one to amend Complaint

While Canup styles his motion as one for reconsideration alone, he argues that he "should be allowed to amend his Complaint, including by adding any hearing loss-

related allegations or causes of action" in his Motion. ECF No. 36 at 3. The Court declines to construe this request as an independent motion for leave to amend under any applicable rule. The Court finds that Canup's request is not specific enough to address without separate briefing and, as the Local Rules of this Court require, a copy of the proposed Complaint that includes the desired amendments. Notably, it is unclear to the Court if Canup seeks to amend his Complaint to add more than hearing loss-related allegations or claims based on the request as brought in the current Motion. *See, e.g., id.* (requesting to amend Complaint "*including* by adding any hearing loss-related allegations" (emphasis added)).

### III. Conclusion

Accordingly, Canup's Motion for Reconsideration, ECF No. 36, is **DENIED**.

**SO ORDERED**, on this 14th day of September, 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**